# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SABRINA PRICE,

        Plaintiff,

v.                                                  CIV 99-12 M/KBM

KENNETH S. APFEL,
Commissioner of Social Security Administration,

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

As an initial matter, Defendant has filed an Opposed Motion for an Eleven-Day Extension of Time to File Response to Plaintiff's Complaint *[Doc. 5]* with an attached Motion to Dismiss Plaintiff's Complaint and Brief in Support. Plaintiff filed a memorandum in opposition to an extension and a Motion to Proceed on Pleadings Timely Filed *[Doc. 6]*. I find that Defendant's motion for extension must be granted because the motion to dismiss raises issues that are jurisdictional.

Moreover, Plaintiff has addressed the merits of Defendant's Motion to Dismiss in her pleadings. The motion to dismiss is thus ripe for review. Having considered the parties' legal memoranda, arguments, and applicable authorities, I find that Defendant's motion to dismiss is well taken and should be granted because the Court lacks jurisdiction to hear Plaintiff's appeal.

## A. Facts/Procedural Background

Defendant's motion to dismiss focuses on Plaintiff's failure to file a timely request for review with the Appeals Council of the administrative law judge's (ALJ's) decision denying her social security benefits. Plaintiff had filed a claim for benefits under Title XVI of the Social Security Act. After a hearing, the ALJ rendered a decision on August 6, 1996 denying Plaintiff's claim for benefits on the ground that she was not disabled.

On March 21, 1997, Plaintiff's attorney contacted the Appeals Council to check the status of a request for review in the case. He was informed that there was no record of any request. On April 22, 1997, Plaintiff's attorney filed a request for review; however, this was more than seven months after the ALJ's decision. The Appeals Council found that found that no timely request for review had been received within sixty days of the ALJ's decision and issued an order on November 2, 1998 dismissing the request.

Plaintiff takes issue with the Appeals Council's contention that it never received a timely request for review. Price's attorney asserts that on or about October 9 and October 11, 1996, he mailed a request for review to the Appeals Council. To support this claim, he attached a computer directory printout indicating that he created two appeal files for Plaintiff on those dates. Plaintiff failed to provide a certificate of mailing or of service to show when the request was mailed. The Appeals Council had this information before it when it specifically found "no good cause" to extend the time for filing the request for review.

## B. Discussion

Plaintiff first argues that the Court should not grant Defendant's request for an extension to file a late response and at the same time hold her accountable for the late filing of the request

for review. While some sympathy may be in order for Plaintiff's situation, there is an important distinction. Filing deadlines for pleadings are matters within the Court's discretion. *See Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494-95 (10th Cir. 1995). Jurisdiction is not, and may be raised at any time in proceedings all the way through the last appeal. *See Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxite de Guinee*, 456 U.S. 694 (1982). Accordingly, judicial economy, as well as consideration of the parties' expense of time and money, counsel for addressing the jurisdictional issue now. Refusing to do so because of discretionary deadlines would not change the result, but would only delay it.

The Court must next address whether it has jurisdiction over this appeal of the ALJ's decision denying her benefits. Plaintiff contends that the dismissal of her request for review on untimeliness grounds constitutes a final and binding decision capable of federal court review on the merits. The Tenth Circuit addressed this precise issue in *Brandtner v. Department of Health & Hum. Serv.*, 150 F.3d 1306 (10th Cir. 1998).

> The Appeals Council's dismissal of plaintiff's request for review is binding and not subject to further review. *See* [20 C.F.R.] § 404.972. The dismissal as untimely is not a decision on the merits or a denial of a request for review by the Appeals Council, both of which constitute final decisions and can be reviewed by the federal district court. *See id.* § 404.981. Our sole jurisdictional basis in social security cases arises from 42 U.S.C. § 405(g), which provides for judicial review of final decisions of the Secretary. *See Reed v. Heckler*, 756 F.2d 779, 782 (10th Cir.1985). Plaintiff did not request administrative review of the ALJ's decision in a timely manner, the Appeals Council dismissed his request for review as untimely, and, consequently, there is no "final decision" for us to review.

*Id.* at 1307.

As the *Brandtner* opinion noted, the vast majority of appellate courts that have addressed this issue have agreed that dismissals of untimely requests to the Appeals Council are not reviewable. *See id*. Only the Eleventh Circuit has found that a denial of benefits by an ALJ after a hearing creates a final, appealable order that a district court may review. *See Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The Tenth Circuit acknowledged that only under "limited circumstances" may a district court review an Appeals Council dismissal of a request for review as untimely. "[A]n untimely request for review may be a "final" decision of the Secretary, such as when a plaintiff raises a constitutional claim of a due process violation." *Brandtner*, 150 F.3d at 1307 n.3, citing *Bacon v. Sullivan*, 969 F.2d 1517, 1521-22 (3rd Cir. 1992). As in the *Brandtner* case, no such circumstances exist in this case. Plaintiff has not alleged that she was denied adequate opportunity to be heard on the untimeliness issue before the Appeals Council.

## C. Conclusion

Because this Court may review only final decisions pursuant to 42 U.S.C. 405(g), the Court has no jurisdiction to review Plaintiff's appeal. Accordingly, I recommend that the District Court dismiss Plaintiff's complaint for lack of jurisdiction. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1).

_____
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections pursuant to 28 U.S.C. § 636 (b)(1) with the Clerk of the District Court. **A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

Paul Cohen                     Attorney for Plaintiff
P.O. Box 3216
Albuquerque, NM  87190

Joan Marie Hart                Attorney for Defendant
P.O. Box 607
Albuquerque, NM 87103